IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV172-MU-02

DENNIS R. VANDYKE;           )
JIM VAN DYKE; and            )
JOHNATHAN PARKER,            )
    Plaintiffs,              )
                             )
       v.                 )          ORDER
                             )
J.R. DAVIS, Police Officer em-)
  ployed by the Forest City  )
  Police Department;         )
CHRIS WINSLOW, Drug Enforce- )
  ment Officer employed by the)
  Rutherford County Sheriff's )
  Department; and            )
WALTER RAY, also known as    )
  "R. Walter Guys," Task Force)
  Officer employed by the    )
  Rutherford County Sheriff's )
  Department,                )
    Defendants.              )
_____)

    **THIS MATTER** comes before the Court on the instant civil

rights Complaint under 42 U.S.C. §1983, filed June 1, 2006.  For

the reasons stated herein, this action will be <u>dismissed</u> in its

entirety.

    As best as can be understood, the lead plaintiff, Dennis

Vandyke,[1] is seeking 42 million dollars in compensatory damages

---

[1] As he did in another Complaint (case number 1:06CV173), in the instant
action the plaintiff listed two other individuals as plaintiffs.  However,
such individuals did <u>not</u> sign the Complaint form; <u>nor</u> did they submit their
own <u>in forma pauperis</u> applications or filing fees.  Therefore, as was done in
the other case, the Court will dismiss those two persons from this action.

Dockets.Justia.com

from the above named defendants under two separate theories of constitutional violation.  First, the plaintiff alleges that the defendants violated his rights by having subjected him to "fictitious charges," which resulted in his being wrongfully imprisoned and his loss of "six years of freedom."  Second, the plaintiff alleges that the defendants violated his rights by having "had [him] sexually molested" at some point in 2003, and by having damaged his personal property in July 2004 when they "shot up the [electrical] transformer" near his home.  However, as is readily apparent from the foregoing recitation, the plaintiff is not entitled to proceed with these claims.

Indeed, as to the first claim, the plaintiff repeatedly asserts that the defendants told lies and brought false charges against him, ultimately resulting in his conviction and imprisonment for the past six years.  Thus, it is obvious that the plaintiff is attempting to use this litigation to challenge the legality of his underlying criminal case.  However, even if certain of the defendants were not protected by qualified immunity, and even if this cause of action were not barred by the applicable statute of limitations, the instant challenge to the plaintiff's criminal case still could not be brought in this civil rights proceeding.

To be sure, to the extent that the plaintiff is seeking to recover damages for his allegedly unlawful prosecution, convic-

2

tion and sentence, such attempt must fail since he has failed to prove (or even to allege) that his convictions have been reversed, expunged, declared invalid by a tribunal which has the authority to make such a determination, or have otherwise been called into question by the issuance of a federal writ of habeas corpus in favor of the plaintiff. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

To put it another way, causes of action which seek monetary damages on the basis of a conviction or sentence and which raise challenges that necessarily would implicate the validity of the underlying conviction and/or sentence do not accrue until such conviction or sentence has been reversed, expunged or declared invalid. <u>See</u> <u>Brooks v. City of Winston Salem</u>, 85 F.3d 173, 181 (4th cir. 1996). Therefore, this claim must be <u>dismissed</u>.

As for his other allegations--that the defendants "had [him] sexually molested . . . as a deed to [S]atan," and they "shot up" an electrical transformer while engaging in "Devil worship[]"-- the nature of those matters is very similar to several of the plaintiff's other allegations which were reviewed and flatly rejected by this Court in cases 1:05Cv357-MU and 1:06CV173-MU. Indeed, to put it simply, these bizarre, conclusory allegations cannot possibly state a constitutional claim for relief. <u>See</u> <u>Adams v. Rice</u>, 40 F.3d 72, 74 (affirming dismissal of complaint which was "nonsensical on its face" and which set forth only

3

"naked allegations"); see also Neitzke v. Williams, 490 U.S. 319, 328 (1989) (noting that factually frivolous claims include those that are "fantastic" or "delusional.").

Consequently, the instant Complaint will be **DISMISSED** for the plaintiff's failure to state a constitutional claim for relief.  28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: June 13, 2006


Graham C. Mullen
United States District Judge

4